UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LYNELL WILLIS, JR.                                                                                    Plaintiff

v.                                                                          Civil Action No. 3:20-CV-403-RGJ

STATE FARM INS. AGENCY, *et al.*                                                          Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This is a *pro se* action initiated by Plaintiff Lynell Willis, Jr. Upon review of Plaintiff's application to proceed without prepayment of fees, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 5) is **GRANTED**.

### I.

Plaintiff names as Defendants in this action, State Farm Insurance Company ("State Farm"); Michael Tipsrow, President of State Farm; and Michell Yourvall, Secretary of State Farm. Plaintiff states that the Court has diversity jurisdiction over this action because he is a citizen of Kentucky and Defendant State Farm is incorporated under the laws of Illinois.

On the complaint form, under the section titled "The Amount in Controversy," Plaintiff writes, "Defendant used my signature to open his insurance business, I have the signature he keeps changing his last name Tisprow, Tipsford, & Tipsord."[1]

---

[1] On June 3, 2020, the same date Plaintiff initiated this action, Plaintiff also filed six other actions in this Court alleging instances of fraudulent use of his signature by various individuals. *See Willis v. S. Ass'n of the Schs. and Colls.*, 3:20-CV-392-RGJ; *Willis v. Venters*, 3:20-CV-394-DJH; *Willis v. Dripps et al.*, 3:20-CV-395-RGJ; *Willis v. McMurray*, 3:20-CV-396-DJH; *Willis v. Crady*, 3:20-CV-398-RGJ; *Willis v. Simpson et al.*, 3:20-CV-397-JRW. Plaintiff filed another action concerning the fraudulent use of his signature on June 5, 2020. *See Willis v. Inslee*, 3:20-CV-413-CHB.

In the "Statement of the Claim" section of the complaint form, Plaintiff writes as follows:

In 1988 two female workers of the Radcliff courthouse removed some signatures from my Louisiana home a total of 10 writings were done between my guardian and myself (she is aware). As I once had insurance and received a new statement or billing I saw the signature I once wrote now in the hands of the president and his secretary.

In the "Relief" section of the complaint form, Plaintiff states:

I ask the courts question by polygraph if president of State Farm Ins. received a stolen signature, is using the computerized signatures to money loiter or devalue laws (erase). I also would like to see a new president & secretary. I seek damage of 22 million dollars for provisional annoyance, extorting money and laws.

**II.**

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The Court finds that Plaintiff's allegations of money laundering and extortion by Defendants, based upon his belief that they are using a "signature" stolen from his home in Louisiana in 1988, meet the standard for frivolousness.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid

of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in Plaintiff's complaint meet this standard as well. The instant action, therefore, must also be dismissed for lack of subject-matter jurisdiction.

### III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:

cc: Plaintiff, *pro se*
 Defendants
A961.011

3